IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CURTIS CLIFTON,                                                                                    PLAINTIFF
ADC #650436

v.                                      2:17CV00006-BRW-JTK

J. R. SMITH, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**I.     Introduction**

Plaintiff Curtis Clifton is a state inmate incarcerated at the Ouachita River Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care while incarcerated at the Cross County Jail from October 15, 2016, until November 21, 2016. He asks for damages for mental anguish, pain, and suffering from Defendants Smith, Bachand, and Barnes.

This matter is before the Court on Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 20-22). Plaintiff filed a Response to the Motion (Doc. No. 23).

**II.    Complaint (Doc. No. 2)**

Plaintiff was booked into the Cross County Jail on October 15, 2016. Prior to that, he was involved in an automobile accident and suffered head wounds and concussion symptoms. He requested medical attention at the Jail on October 16, 2016, and filled out a medical request form for head and wrist injuries. Defendant Bachan did not respond to the request. Plaintiff submitted a second request on October 19, 2016, and again Bachand did not respond. On October

23, 2016, Plaintiff submitted a grievance in which he complained about the lack of medical care. He told Defendant Barnes about his injuries and asked for help, but received no response. He submitted grievances to Defendant Sheriff Smith and received no response. On November 17, 2016, Bachan told him he was being transferred to the ADC for medical care; Plaintiff transferred to the ADC on November 21, 2016.

### III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

#### A. Official Capacity Immunity

Defendants first ask the Court to dismiss Plaintiff's damages claims against them in their official capacities based on Plaintiff's failure to allege that their actions were taken pursuant to an unconstitutional policy, practice, or custom, or any widespread pattern of unconstitutional conduct.

A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

In Response, however, Plaintiff states that the reason Defendants failed to provide him with medical care and treatment was due to a county policy of using only the AR Care Clinic, which refused to schedule appointments for Plaintiff because the Clinic does not treat injuries suffered in motor vehicle accidents. The Court finds this allegation in his response sufficiently alleges a pattern or practice which led to alleged unconstitutional treatment, and that dismissal on this basis is not proper.

### B.     Individual Capacity

Defendants next ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In support, Defendants present their Affidavits and Plaintiff's Jail records to show that they did not act with deliberate indifference to a serious medical need of Plaintiff.  They also state Plaintiff provides no evidence that any delay in his receipt of medical care caused a detriment to his health.  According to Defendant Bachand, Plaintiff arrived at the Jail on October 15, 2016, and according to Jail records, Plaintiff rated both his physical and mental health as "good." (Doc. No. 21-1, pp. 2, 4)  Bachand explained that the Jail contracted with AR Care Clinic in Wynne, Arkansas, to provide medical treatment to detainees. (Id., p. 3)  Defendant Barnes, a "Jailer" at the time, stated that in late October or early November, 2016, Plaintiff asked him for medical treatment for injuries Plaintiff claimed he sustained in a car accident prior to his arrival at the Jail. (Doc. No. 21-3)  Barnes called the AR Care Clinic to schedule an appointment, but was told that the clinic would not see patients for injuries sustained in car wrecks. (Id.)  The Clinic later told Barnes that Jail staff made three attempts to schedule an appointment for Plaintiff. (Id.)  Barnes

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

5

also stated he did not see open cuts or wounds on Plaintiff's head or face, but did see a scab on his head. (Id., p. 2.) On November 21, 2016, as Plaintiff was being processed for transfer to the ADC, Barnes noticed a bandage on Plaintiff's wrist.. (Id., p. 3)  Plaintiff told him that he injured his hand when he hit another inmate on the head. (Id.)   All three Defendants deny they knowingly ignored a serious risk to Plaintiff's health or safety or intentionally delayed or prevented him from obtaining reasonable and necessary medical treatment. (Doc. Nos. 21-1, 21-3, 21-4)

Hospital records provided by Defendants show that on November 20, 2016, Plaintiff was treated at the Crossridge Community Hospital for a fracture of the metacarpal bone (hand fracture). (Doc. No. 21-4)

In response, Plaintiff states Defendants admitted in their discovery responses that he verbally requested medical care for a possible concussion as early as October 17, 2016.  He admits that the Jail took him to the hospital on November 20, 2016 for a dislocated hand fracture, but complains that the hospital denied his request for treatment at that time for a possible concussion, because that was not the reason he was taken to the hospital.  He states he suffered numerous injuries in a car wreck prior to October 16, 2016, but did not file a police report or seek medical treatment, because he feared arrest based on outstanding warrants. Plaintiff acknowledges that Defendant Bachand contacted AR Care Clinic on October 17, 2016, and October 21, 2016, to make appointments for him, but that they never occurred.  He states he met with Bachand on November 18, 2016 about a grievance he filed the day before complaining about the lack of medical care.  Plaintiff also states both Barnes and Smith were aware of his situation as of November 1, 2016, and that Barnes attempted to schedule an appointment for him on that date. Plaintiff claims Defendants should have reconsidered their custom of using only one clinic, and should have tried to obtain medical care for him at another source. Plaintiff claims he filed thirteen

requests and grievances about his attempts to obtain medical care.

To support an Eighth Amendment claim for relief, Plaintiff must show that Defendants acted with deliberate indifference -- the unnecessary and wanton infliction of pain -- to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). See also Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir.1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." Gibson v. Weber, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

Bender v. Regier, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

According to the undisputed facts, Plaintiff was involved in an automobile accident prior to his arrival at the Jail, and chose not to seek medical attention at that time. He did not indicate any medical problems upon his arrival at the Jail. Defendants responded to his verbal medical

7

requests by attempting to make a doctor's appointment on three different occasions, and later took Plaintiff to a hospital for treatment of unrelated injuries. Although Plaintiff stated he complained about head wounds and pain, he provides no evidence to support that he suffered from a serious medical need.  He also provides no allegation or evidence to show that after he arrived at the ADC, he was treated for any lasting injuries related to those complaints.  An inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

In response to Plaintiff's discovery requests, Defendant Bachan stated he called AR Care Clinic twice to make an appointment for Plaintiff, but both times the clinic told him they would not treat injuries suffered in an automobile accident. (Doc. No. 23, p. 12)   And, other clinics in the area would not see inmates. (Id., p. 13)   Bachand also stated that two days before Plaintiff left the Jail, he contacted the ADC to tell them he had trouble finding a medical care provider to see Plaintiff as a patient. (Id.)   Defendant Barnes also attempted to schedule an appointment with AR Care Clinic, and Defendant Smith stated that Jail officials advised the ADC and Plaintiff's parole officer of the problem, which enabled Plaintiff's transfer to the ADC for medical treatment.

Based on all the undisputed facts, the Court finds that no reasonable fact finder could find that the facts as alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.   At most, construed in a light most favorable to the Plaintiff, Defendants' actions could be considered negligent.   However, Plaintiff provides no evidence of a serious medical need or physical injury which would have placed Defendants on

notice of a need for immediate medical care and treatment.  Defendants attempted to schedule appointments for Plaintiff on three separate occasions, and took Plaintiff to the hospital when he suffered an unrelated injury which required immediate treatment.  Plaintiff provides no evidence that he suffered a detrimental effect from a delay in treatment, such as a record from the ADC which documents a concussion or other lasting effects from the motor vehicle accident. Therefore, the Court finds as a matter of law that Plaintiff's allegations against Defendants in both their official and individual capacities fail to support a constitutional claim for relief.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 20) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 5th day of October 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE